UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ABC, INC.,

    Plaintiff,

v.

DAN MACDONALD, SALLY ZANETTI, and
JAMES NELSON CONTRACTING CO., INC.,
d/b/a ABC SEAMLESS OF SUPERIORLAND,

    Defendants.
_____/

Case No. 2:07-cv-75
CONSENT CASE

**OPINION AND ORDER**

Plaintiff ABC, Inc., and Defendants entered into a franchise termination agreement. Under the terms of the agreement, Defendants agreed to discontinue use of ABC's trademark and service marks in November 2006. Defendants agreed to assign the franchise telephone number to Plaintiff. Defendant ABC Seamless of Superiorland's telephone number is also the home telephone number of defendant Dan MacDonald and the telephone number for defendant James Nelson Contracting Co., Inc.. James Nelson Contracting Co., Inc., has been in business for approximately 25 years. The franchise agreement was entered into in March 1998. Defendants did not remove the ABC name from company vehicles until March 2007, because the temperature allegedly did not allow the use of a heat gun to remove the remaining trademarks on the vehicles. Defendants have entered into new advertising agreements with the telephone directories to exclude reference to Plaintiff's company. The parties apparently negotiated an agreement to allow Defendants to continue to use the telephone number as their personal and business number as long as they referred ABC

customers to ABC. However, Defendants refused to sign the agreement. Plaintiff now has a new franchise company serving the Marquette, Michigan, area and would like Defendants to discontinue use of the telephone number and ABC's trademark.

Plaintiff states that Defendants have been stealing ABC customers who call the telephone number. Defendant MacDonald states that he has been informing customers that he is no longer doing business as ABC and that customers should honor their contracts with ABC. One customer, according to MacDonald, asked MacDonald for a price to install a gutter. MacDonald quoted a lower price than ABC, but informed the customer that he would not perform the service unless the customer first terminated her contract with ABC. As a result, ABC claims it was forced to lower its price to that customer to save the contract.

Plaintiff has moved for a preliminary injunction to force Defendants to remove ABC's trademark and to relinquish their telephone number. Defendants oppose an injunction disallowing use of the telephone number, arguing that changing their personal and business number is harmful to them.

The issuance of preliminary injunctive relief is committed to the discretion of the district court. *Planned Parenthood Association v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987). In exercising that discretion, the court must consider and balance four factors:

> 1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.
>
> 2. Whether the movant has shown irreparable injury.
>
> 3. Whether the preliminary injunction could harm third parties.
>
> 4. Whether the public interest would be served by issuing a preliminary injunction.

*Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994). These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court in exercising its equitable powers. *Id.*

Defendants violated the termination agreement that they entered into with Plaintiff. They delayed removal of the trademark and did not discontinue advertising at the agreed upon time. Defendants agreed to assign their telephone number to Plaintiff and, although Defendants had a chance to modify the agreement, Defendants failed to sign the modified agreement which could have at least temporarily allowed them continued use of the telephone number.

Plaintiff has shown a substantial likelihood of success on the merits of its claims. Plaintiff has shown irreparable harm as a result of Defendants' continued use of the telephone number. It is undisputed that ABC's customers and potential customers are telephoning Defendants believing that they are contacting an ABC franchise. Plaintiff has no guarantee that Defendants will refer every customer, answer the telephone, or return a message. Moreover, Defendants are in a position to undercut ABC's prices to customers who call Defendants believing they are calling ABC. The continued use of the telephone number by Defendants has a direct negative effect on ABC. There exists potential confusion and the public interest will be best served by granting this motion. Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion For a Preliminary Injunction (Docket #12) is GRANTED.

- 4 -

IT IS FURTHER ORDERED that Defendants shall discontinue the use of ABC's telephone number and shall discontinue use of ABC's name and trademark within 30 days from the date of this order.

      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   September 25, 2007